UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STEVE J. SNIDER,

                Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
                Defendants.

Case No. 1:16-cv-02168-AC

**OPINION AND ORDER**

**ACOSTA**, Magistrate Judge:

Steve Snider ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is not supported by substantial evidence, nor based on proper legal standards, her decision is REVERSED and REMANDED for an immediate payment of benefits.

\\\\\

Page 1 - OPINION AND ORDER

\\\\\

*Procedural Background*

Plaintiff filed his application for DIB on February 8, 2013, alleging disability beginning June 22, 2010. (Tr. 158.) He subsequently amended his alleged onset date to February 1, 2008. (Tr. 267.) The Commissioner denied plaintiff's application initially and upon reconsideration. (Tr. 64, 77.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and an administrative hearing was held on February 12, 2015. (Tr. 9, 25–63.) After the hearing, the ALJ issued a decision finding plaintiff not disabled dated May 29, 2015. (Tr. 6–19.) The Appeals Council denied his subsequent request for review on October 3, 2016, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3.)

*Factual Background*

Born in May, 1959, plaintiff was 55 years old at the time of the administrative hearing. (Tr. 158.) He graduated from high school and worked previously as a construction worker. (Tr. 194.) Plaintiff alleged disability due to: autism or "autism like asburgers [sic] . . . not high functioning;" attention deficit hyperactivity disorder ("ADHD"); and post-traumatic stress disorder ("PTSD"). (Tr. 193, 267.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez*

Page 2 - OPINION AND ORDER

*v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, she is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520©, 416.920©. If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either individually or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, she is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform past relevant work, she is not disabled; if she cannot, the burden shifts to the Commissioner.

At step five, the Commissioner must establish the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(g), 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

*The ALJ's Findings*

The ALJ performed the sequential analysis, as noted above. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged disability onset date. (Tr. 12.) At step two, the ALJ concluded plaintiff had the severe impairments of bipolar disorder and persistent depressive disorder. (*Id.*) At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (*Id.*)

The ALJ determined plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations: "He could understand and carry out simple instructions in a work environment with few, if any workplace changes," and "[h]e was limited to no more than occasional interaction with the public and coworkers." (Tr. 14.)

At step four, considering plaintiff's age, education, work experience, and RFC, the ALJ found plaintiff was able to perform his past relevant work as a construction worker. (Tr. 18.) Accordingly, the ALJ ended the sequential analysis at step four and found plaintiff not disabled during the relevant time period. (*Id.*)

Page 4 - OPINION AND ORDER

*Discussion*

Plaintiff argues the ALJ's decision should be reversed because: (1) the RFC is silent on his limited ability to work without distracting others; (2) the ALJ erred in failing to take into account the amount of time he would be-off task in the workplace; (3) the ALJ did not include a close supervision requirement in the RFC; and (4) the ALJ improperly discredited his symptom testimony. Pl.'s Opening Br. 5–20; Pl.'s Reply Br. The Commissioner concedes the ALJ erred, but argues there are outstanding issues that must be resolved, so this case should be remanded for further proceedings. Def.'s Br. 6–8. In response, plaintiff argues that the Commissioner has not demonstrated that further proceedings would be useful because the record is complete as to the dispositive issue in this case. Pl.'s Reply Br.

For the reasons discussed below, the court finds that remanding for further proceedings would serve no useful purpose and, therefore, remands for an immediate payment of benefits.

I. Legal Standard

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138–39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of

Page 5 - OPINION AND ORDER

benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell*, 947 F.2d at 348 (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

II. Analysis

Plaintiff first argues the ALJ gave significant weight to evidence that his ability to work with others without distracting them is limited, but erroneously failed to include the limitation in the RFC. Pl.'s Opening Br. 5–8; Pl.'s Reply Br. 2–5. Plaintiff notes that State agency medical consultants Joshua Boyd, Psy.D., and Paul Rethinger, Ph.D., indicated in Mental Residual Functional Capacity ("MRFC") assessment forms that plaintiff was "moderately limited" in "the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (Tr. 97–98, 107–08.) The ALJ gave great weight to the reviewing doctors' opinions because they were consistent with the record as a whole. (Tr. 17.)

Additionally, after evaluating plaintiff in March 2015, examining psychologist William McConochie, Ph.D., opined that plaintiff was moderately impaired in his ability to engage in appropriate social interaction in the workplace due to "[m]ental peculiarities, depression, [and] poor social skills." (Tr. 457.) The ALJ purported to give great weight to Dr. McConochie's opinion because "it provide[d] some of the only insight as to [plaintiff's] mental health limitations," and was "supported by detailed notes and a thorough

Page 6 - OPINION AND ORDER

examination." (Tr. 17.) Furthermore, in letters addressed to the ALJ, plaintiff's caregiver William Morison reported that after trying to give plaintiff a job he had to terminate him after only two days of work, in part because he "constantly interfere[d] with other employees, trying to be funny and asking questions or making statements that do not apply to what is going on at that time." (Tr. 282.) The ALJ also gave substantial weight to Morison's observations because they were consistent with the record as a whole. (Tr. 15.)

Despite giving significant weight to these medical opinions and lay witness observations, the ALJ failed to include, or provide sufficient reasons for not including, RFC limitations relating to plaintiff's inability to interact appropriately with coworkers. Pl.'s Opening Br. 5–8. The Commissioner does not provide a direct response to this assignment of error. *See* Def.'s Br. 6–8. In determining the RFC, the ALJ must consider limitations imposed by all of plaintiff's impairments, and evaluate "all of the relevant evidence," including medical source opinions and lay witness statements. SSR 96–8p, *available at* 1996 WL 374184, at *5 (July 2, 1996).

With respect to plaintiff's argument that Drs. Boyd and Rethinger opined that plaintiff was "moderately limited" in "the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," plaintiff's argument fails. The Ninth Circuit rejected a similar argument in *Israel v. Astrue*, 494 F. App'x 794, 797 (9th Cir. 2012). The court found that a similar MRFC form instructing physicians to rate a claimant's abilities in broad terms, such as "moderately limited," in areas of functioning is "merely a worksheet . . . and does not constitute the RFC assessment. Instead, it is the narrative written by the psychiatrist or psychologist . . . that adjudicators are to use as the assessment of RFC." *Id.* at n.1. Indeed, the MRFC form here explicitly stated that "the questions below help determine the individual's ability to perform sustained work activities . . . the actual [MRFC] assessment is recorded

Page 7 - OPINION AND ORDER

in the narrative discussion(s)." (Tr. 96, 106.) Thus, the moderate limitation in the "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes" was not part of the MRFC narratives assessed by Drs. Boyd and Rethinger. Accordingly, the ALJ was not required to include it in the ultimate RFC formulation.

In contrast, Dr. McConochie's opinion was provided on a form that did not explicitly limit its applicability to a "narrative" statement. Thus, his opinion that plaintiff was moderately limited in interacting with coworkers, which the ALJ accorded "great weight," should be taken as his medical opinion. (Tr. 17, 457.) "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, [s]he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, Dr. McConochie's opinion was corroborated by the testimony of Morison, who explained that plaintiff could not keep his job because he distracted others incessantly. (Tr. 282.) "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence . . . and therefore cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in original) (internal citations omitted). Thus, by omitting plaintiff's well-supported limitation, the ALJ failed to provide not just legally sufficient reasons, but any reasons for not crediting Dr. McConochie's opinion and Morison's observations, which she purportedly accepted and found credible.

Although not argued by the Commissioner, the court finds on this record that an RFC limitation to occasional coworker contact does not adequately address plaintiff's limitation. In questioning the VE, the ALJ asked whether a hypothetical individual with all of plaintiff's RFC limitations could perform his past work or other jobs existing in the national economy. (Tr. 55–56.) The VE answered in the affirmative,

Page 8 - OPINION AND ORDER

that such an individual could perform plaintiff's past work as a construction worker, as well as other jobs that existed in the economy. (*Id.*) The ALJ then asked the VE about employer tolerance for a distracting employee. (Tr. 56.) The VE responded that, even if limited to only occasional contact, an employee who distracted and took coworkers off task would not be employable. (Tr. 56–58.)

That the ALJ asked the VE two separate questions, one generally addressing occasional coworker contact and the other narrowed to addressing a distracting employee, demonstrates that the ALJ viewed as distinct potential limitations the quantity of coworker contact and the quality of that contact, but he did not translate plaintiff's distracting behavior into a "concrete" limitation of occasional coworker contact. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (finding that a more tailored hypothetical question presented to the VE by the ALJ demonstrated that the ALJ's RFC formulation, which was based on the less restrictive hypothetical question, did not account for the full extent of the plaintiff's impairments). Instead, by failing to include the second, narrower hypothetical into the RFC, the ALJ impermissibly omitted a limitation that she purported to accept, which was legal error. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a [VE], which derives from the RFC, must set out all the limitations and restrictions of the particular claimant. Thus, an RFC that fails to take into account a claimant's limitations is defective.") (internal citation and quotation marks omitted). Consequently, the first prong of the credit-as-true analysis is satisfied. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)).

Regarding step two of the credit-as-true analysis, plaintiff argues there are no outstanding issues that need to be resolved before a disability determination can be made. As plaintiff accurately notes

Page 9 - OPINION AND ORDER

regarding the issue of distracting others, the Commissioner cites no contrary evidence in the record nor alleges any relevant aspect of the issue requires further development of the record. Pl.'s Reply Br. 5. Indeed, the Commissioner's argument for further proceedings primarily relies upon her assertion that there are unresolved issues in the record pertaining to the level of supervision plaintiff requires – an issue unrelated to plaintiff's inability to interact appropriately with coworkers. *See* Def.'s Br. 6–8.[1] Although the court agrees that a supervisory limitation should have been one of the limitations included in the RFC, the error is moot because the court has found plaintiff's limitation of distracting coworkers supports remand for an award of benefits. *See infra*. Furthermore, without providing any rationale, the Commissioner asserts in the alternative that the ALJ should be given the opportunity to reevaluate two pieces of evidence: medical records dating back to 1965 and a one-paragraph lay witness letter that the ALJ neglected to discuss in her decision. *Id.* at 7; *see also* (Tr. 283–98, 372.)

The Commissioner's argument is unpersuasive for two reasons. First, the Commissioner's assertion that the ALJ failed to "consider or discuss" historical medical records is contradicted by the ALJ's discussion of those medical records in her decision. Def.'s Br. 7; *see also* (Tr. 15–16.) Second, the evidence further supports, rather than detracts from, plaintiff's clear limitations in his ability to work with others in an appropriate manner. *See, e.g.*, (Tr. 283 (plaintiff, age 6, "indicated almost constant spontaneous conversation" on exam, and recommended for the "educable mentally retarded program"),

---

[1] The Commissioner notes that the ALJ gave great weight to the opinions of Drs. Boyd and Rethinger, who found plaintiff was limited to "'regular (not special) supervision,'" while also giving great weight to Dr. McConochie's opinion that plaintiff required "'close supervision.'" Def.'s Br. 6 (quoting Tr. 97, 107, 457.) The RFC, however, included no supervisory restriction, which the Commissioner argues creates an "outstanding issue" that must be resolved. Def.'s Br. 6, 8.

288 (plaintiff, age 16, noted to have "significant difficulties in his relationships with other people"), 372 (lay witness described that plaintiff, age 53, "had an unusual conversational style in which he would get stuck on one idea and keep coming back to it over and over")). Simply put, the Commissioner has failed to raise any relevant grounds necessitating further development of the record.

Taken together, Dr. McConochie's opinion and Morison's observation clearly establish that plaintiff has substantial difficulty interacting appropriately with coworkers. Dr. McConochie's report defined "moderate impairment" as "psychologically-based problems that are likely to cause an employer to warn the employee that if behavior does not improve, dismissal is imminent." (Tr. 457.) The doctor concluded that plaintiff's psychological problems were unlikely to improve because they were "life-long in endurance, in spite of psychotropic medications." (*Id.*) Morison's observation of plaintiff's inability to function, even in the highly accommodating workplace environment he arranged for plaintiff, provides a concrete example in support of Dr. McConochie's opinion that plaintiff's impairment – distracting coworkers and taking them off task – ultimately would result in termination. (Tr. 282.) Nothing in the record contradicts this interpretation.[2] Accordingly, the second prong of the credit-as-true analysis is satisfied, because there are no relevant outstanding issues that must be resolved before a determination of disability can be made. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (holding that under the second step of the credit-as-true analysis, the district court must ensure "all essential factual issues have

---

[2] Based on Ninth Circuit case law, the ALJ's failure to incorporate Dr. Boyd and Dr. Rethinger's findings of moderate limitation in plaintiff's "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes" in the RFC formulation did not necessarily establish legal error. *See Israel*, 494 F. App'x at 797. Those findings, however, are entirely consistent with Dr. McConochie's opinion and Morison's observations, and therefore further establish that there are no outstanding issues warranting further development of the record. *See* (Tr. 98, 108, 282, 457.)

Page 11 - OPINION AND ORDER

been resolved" before an award of benefits can be granted).

At the hearing, the ALJ asked the VE hypothetical questions directly related to plaintiff's propensity to distract others. (Tr. 56–57.) The VE testified that an individual who consistently distracted coworkers – even if limited to only occasional coworker interaction – would be precluded from employment. (*Id.*) The ALJ's RFC contained all of the restrictions she included in the hypothetical presented to the VE, save a restriction that addressed plaintiff's propensity to distract coworkers. *Compare* (*id.*) *with* (Tr. 14). Thus, the third prong of the analysis is satisfied, because the record is clear that had the ALJ properly credited the substantial evidence of plaintiff's propensity to distract others, the ALJ would have been required to find plaintiff disabled based on the VE's testimony. Because this argument is dispositive of this matter, the Court "decline[s] to reach [plaintiff's] alternative ground[s] for remand." *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). Accordingly, there is no utility in further proceedings and an award for the immediate payment of benefits is warranted on this ground alone.

*Conclusion*

The Commissioner's decision is not supported by substantial evidence in the record, nor based on proper legal standards, and it is therefore **REVERSED and REMANDED** for an immediate payment of benefits.

IT IS SO ORDERED

DATED this 9th day of January, 2018.

JOHN V. ACOSTA
United States Magistrate Judge

Page 12 - OPINION AND ORDER