UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


STEVEN S.,[1]

                Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

Case No. 6:16-cv-02168-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is an unopposed Motion and Memorandum for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("§ 406(b)") filed by plaintiff Steven S. ("Plaintiff"). Though

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff is the claimant in this case, the real party in interest to this motion is his attorney, Sherwood J. Reese ("Reese") of the law firm Drew L. Johnson, P.C. The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of the fees sought, the court concludes Reese is entitled to fees under § 406(b) in the amount of $20,735.00.

*Procedural Background*

Plaintiff filed his application for disability insurance benefits on February 8, 2013, initially alleging an onset date of June 22, 2010, then amending that date to February 1, 2008. The Commissioner denied his application initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge ("ALJ") issued an opinion finding that Plaintiff was not disabled as of the amended onset date and, therefore, was not entitled to benefits. The ALJ found Plaintiff: (1) had not engaged in substantial gainful activity since the amended alleged disability onset date; (2) had severe impairments of bipolar disorder and persistent depressive disorder; (3) but did not have an impairment or combination of impairments that met or medically equaled a listed impairment; and (4) that with some non-exertional limitations, was able to perform a full range of work at all exertional levels, including his past relevant work as a construction worker. That decision became the final decision of the Commissioner on October 3, 2016, when the Appeals Council denied Plaintiff's appeal.

Plaintiff sought review of the Commissioner's decision by filing a complaint in this court on November 15, 2016. Plaintiff alleged the ALJ erred by (1) disregarding a vocational expert's finding that Plaintiff was limited by his inability to work without distracting coworkers; (2) failing to incorporate all of Plaintiff's functional limitations into the residual functional capacity assessment;

and (3) failing to provide clear and consistent reasons for rejecting Plaintiff's symptom testimony. He requested remand for an immediate award of benefits. The Commissioner filed a response brief, arguing that Plaintiff should not be awarded benefits outright, but conceding that the prior decision contained errors and, therefore, proposed a remand for further administrative proceedings. Plaintiff replied, maintaining that the only issue appropriate for remand was the question of benefit calculation because further proceedings were unnecessary given that the record was complete as to the dispositive issues in the case.

This court agreed and, on January 9, 2018, entered an Opinion and Order reversing the decision below and, because further proceedings indeed would serve no useful purpose, remanding only for the immediate payment of benefits.

Plaintiff filed a Stipulated Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $8,855.55, which the court granted on April 9, 2018.

On April 30, 2018, the Commissioner awarded Plaintiff $82,940.00 in back benefit awards. (Pl.'s Mot. for Attorney Fees, ECF No. 24 ("Motion"), at 2 n.1; Ex. B.) On June 26, 2018, Plaintiff timely filed the instant petition for attorney fees under 42 U.S.C. § 406(b) in the amount of $20,735.00. The Commissioner does not oppose the motion.

*Legal Standard*

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2018). A "twenty-five percent contingent-fee award

PAGE 3 - OPINION AND ORDER [AHS]

is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (Mar. 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

*Discussion*

The parties do not dispute that Plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Reese requests as attorney fees. Nevertheless, because the Commissioner does not have a direct stake in the allocation of Plaintiff's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Drew L. Johnson, P.C. from receiving a potential windfall. *See Gisbrecht*, 535 U.S. at 798 n. 6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

I.  Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff and Drew L. Johnson, P.C. executed a retainer agreement that provided: ". . . I agree that my attorney shall charge and receive as a fee for his work at the federal court level an amount equal to twenty-five percent [] of the past-due benefits that are awarded me and my family in the event my case is won." (Motion, Ex. A.) The terms of this agreement are within the statute's limits.

Next, the court confirms the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Plaintiff. Reese provides a document from the Social Security Administration (the "Administration") entitled "Notice of Award" that details retroactive benefits due to Plaintiff in the amount of $82,940.00. (Motion, at 2 n.1; Ex. B.) Accordingly, Drew L. Johnson, P.C. may recover up to $20,735.00 in attorney fees for time expended before the district court, which represents twenty-five percent of Plaintiff's past-due benefits. Reese seeks the full amount withheld by the Administration for attorney fees.

Having determined the fee agreement and the amount requested are in accordance with the statutory limits, the court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Id.* at *12. If obtaining benefits always supported an award of fees in the maximum amount permitted by statute, the other *Gisbrecht* factors and trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, Reese seeks twenty-five percent of the past due benefits, the full amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. Though the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may

be rejected. *Id*. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808).

The four factors to be considered when evaluating a requested fee's reasonableness under *Gisbrecht* are: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and therefore raise the specter the attorney would receive an unwarranted windfall. *Id.* at 1151–53 (citations omitted). The risk inherent in contingency representation is also an appropriate factor to consider. The Ninth Circuit instructs that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id*. at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Id*. at 1151. The record in this case, however, provides no basis for a such a reduction. In fact, with the exception of one minor element of the first alleged ALJ error, related to Plaintiff's mental residual functional capacity assessment, Reese prevailed on every argument asserted in Plaintiff's opening and reply briefs.

### B. Results Achieved

The court ordered a remand of Plaintiff's claim for the immediate calculation and payment of benefits. This result was the best available and, therefore, does not weigh against Reese's requested award.

### C. Undue Delay

A court also may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Id*. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Reese served the Commissioner promptly and filed his briefs timely. Even with two extension requests from the Commissioner, the pendency of the action did not far exceed the normal time span for Social Security cases. Accordingly, a reduction of the fee request is unwarranted under this factor.

### D. Proportionality

Finally, a district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Reese filed a twenty-page opening brief, asserting three errors by the ALJ, and a ten-page reply brief responding primarily to the Commissioner's argument that further proceedings were necessary. As detailed *supra* in Part II.A, Reese prevailed in those arguments.

Plaintiff is entitled to $82,940.00 in retroactive benefits. Reese reports, and time records provided confirm, that he expended 58.9 hours representing Plaintiff in this matter. (Motion, Ex. C.) This time expenditure falls outside the upper boundary of the twenty-to-forty-hour range Chief Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). However, the court finds Reese's time expenditure is reasonable based on the relative complexity

and multiple substantive and procedural issues presenting in this case.

By requesting $20,735.00 in fees, Reese seeks an effective hourly rate of $352.04 for his representation of Plaintiff before this court. That rate is justified by the results achieved, and is consistent with those previously found reasonable in this district. *See, e.g., Paredes v. Comm'n of Soc. Sec.*, No. 1:13:-CV-1570-AC, 2016 WL 7468085, at *3 (D. Or. Dec. 27, 2016) (effective hourly rate of $490.84); *Savoie v. Comm'r of Soc. Sec.*, No. 3:10:-CV-1580-AC, 2016 WL 1572426, at *4 (D. Or. Feb. 29, 2016) (effective hourly rate of $557.98), report and recommendation adopted, No. 3:10-CV-01580-AC, 2016 WL 1546472 (D. Or. Apr. 13, 2016); *Loew v. Colvin*, No. 6:13–cv–0446–SI, 2015 WL 5522047 (Sept. 26, 2015) (effective hourly rate of $498.84).

E.   Risk

In addition to the general, substantial risks of non-payment associated with representing social security claimants, Reese contends this case presented numerous specific risks, including that he had no access to the full administrative transcript until after filing the case; that Plaintiff was a relatively young claimant, at the age of 48 at his asserted onset date; that the claim relied on Plaintiffs subjective symptom complaints but, based on counsel's interviews, was not a reliable witness; and that several evidentiary gaps frustrated Plaintiff's burden to prove his claim. (Motion, at 8–9.)

The ALJ's errors Reese raised on Plaintiff's behalf, while fairly common to Social Security cases, were subtle and required a nuanced analysis. A successful outcome was far from assured, as evidenced by the ALJ's denial of benefits and the Appeals Council's affirmance of that denial. The court therefore concludes no reduction of the requested fee is warranted based on the risk and complexity of the case.

*Conclusion*

For the reasons stated, Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) (ECF No. 24) is GRANTED, and Drew L. Johnson, P.C. is awarded $20,735.00 in attorney fees. In light of the EAJA fees previously awarded to the firm in the amount of $8,855.55, the amount due to Drew L. Johnson, P.C. from Plaintiff's retroactive benefits is $11,879.45.

DATED this 10th day of August, 2018.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge